**YEN KUEI ZHENG, Petitioner,**

v.

**U.S. ATTORNEY GENERAL,
Respondent.**

No. 05–3547–ag.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2006.

Gang Zhou, New York, NY, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Mark A. Exley, Assistant United States Attorney, Norfolk, VA, for Respondent.

Present JOHN M. WALKER, JR., SONIA SOTOMAYOR and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED, in part, with respect to petitioner's asylum claim, the BIA's order is

VACATED, in part, and the case is RE-MANDED, in part, for further proceedings consistent with this decision. The petition for review is DISMISSED, in part, for lack of jurisdiction with respect to petitioner's claims for withholding of removal and relief under the Convention Against Torture ("CAT").

Petitioner Yen Kuei Zheng, a native and citizen of the People's Republic of China, seeks review of a June 14, 2005 order of the BIA affirming the January 27, 2004 decision of Immigration Judge ("IJ") Brigitte LaForest denying petitioner's application for asylum, withholding of removal, and CAT relief. *In re Yen Kuei Zheng*, No. A 79 629 742 (B.I.A. June 14, 2005), *aff'g* No. A 79 629 742 (Immig. Ct. N.Y. City Jan. 27, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA summarily affirms the IJ, the court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). As an initial matter, because Zheng did not argue her claims for withholding of removal or CAT relief before the BIA, we are without jurisdiction to address those claims here. 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004) (per curiam). Furthermore, Zheng does not argue that the IJ erred in finding that she had not suffered past persecution, and we deem that issue waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005).

■ Zheng's sole argument on appeal is that the IJ denied her asylum application on the improper belief that Zheng's failure to demonstrate a "country-wide" fear of future persecution vitiated any attempt to demonstrate a well-founded fear of future persecution. Although the IJ hinted that she did not believe Zheng's feared future persecution would be "on account" of an imputed political opinion, 8 U.S.C. § 1101(a)(42)(A), she made no clear finding to that effect, and we are not empowered to review the issue here. *INS v. Orlando Ventura*, 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Rather, it appears that Zheng is correct.

■ We review the IJ's determination that Zheng did not meet her burden of proof de novo. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003). If an applicant has a well-founded fear of future government persecution, "it shall be presumed that internal relocation would not be reasonable, unless the Service establishes by a preponderance of the evidence that, under all the circumstances, it would be reasonable for the applicant to relocate." 8 C.F.R. § 1208.13(b)(3)(ii). Because Zheng arguably feared persecution by the Chinese government—the IJ does not appear to have decided this question one way or another, other than by mentioning the possibility that Zheng might relocate within China to avoid persecution—it was incumbent upon the Department of Homeland Security to rebut the presumption that relocation would be unreasonable. Instead, the IJ erred in placing the burden on Zheng to prove that relocation would be unreasonable. Remand is warranted. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006). On remand, the IJ is of course free to clarify whether Zheng has a well-founded fear of future persecution and, if so, whether the feared persecution would be "on account of" Zheng's imputed political opinion. If both points are decided in the affirmative, it is the *government's* burden to show that relocation within China to avoid persecution is possible.

For the foregoing reasons, the petition for review is GRANTED, in part, with respect to Zheng's claim for asylum, the

BIA's order is VACATED, in part, and the case is REMANDED, in part, to the BIA for further proceedings consistent with this decision. The petition for review is DISMISSED, in part, for lack of jurisdiction with respect to Zheng's claims for withholding of removal and CAT relief. The pending motion for a stay of removal in this petition is DENIED as moot.